# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Criminal No. 4:25-cr-00415 |
| RAMON ALEXANDRO ROVIROSA MARTINEZ, | § § § § | |
| Defendant. | § § | |

## GOVERNMENT'S NOTICE REGARDING JURY INSTRUCTIONS

The United States respectfully submits this Notice relating to the jury instructions proposed by Defendant Ramon Alexandro Rovirosa Martinez ("Rovirosa").

The proposed jury instructions Rovirosa submitted on October 1, 2025, include the following relating to the "facilitating payment" exception under the U.S. Foreign Corrupt Practices Act ("FCPA"):

> Exception for Routine Government Action: The FCPA does not apply to any facilitating or expediting payment to a foreign official the purpose of which is to expedite or to secure the performance of a routine governmental action by a foreign official. The FCPA defines the term "routine governmental action" to mean only an action which is ordinarily and commonly performed by a foreign official in (i) obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country; (ii) processing governmental papers, such as visas and work orders; (iii) providing police protection, mail pick-up and delivery, or scheduling inspections associated with contract performance or inspections related to transit of goods across country; (iv) providing phone service, power and water supply, loading and unloading cargo, or protecting perishable products or commodities from deterioration; or (v) actions of a similar nature. Under the FCPA, the term "routine governmental action" does not include any decision by a foreign official whether, or on what terms, to award new business to or to continue business with a particular party, or any action taken by a foreign official involved in the decision-making process to encourage a decision to award new business to or

continue business with a particular party.

The government has the burden of negating the facilitating payments exception and the exception is best understood as a threshold requirement that a defendant acted 'corruptly.'"

This proposed instruction is not applicable here. The conduct alleged in the Indictment does not involve "routine governmental action" by a foreign official. Rather, the charged schemes involve, among other misconduct, interference with audit findings and awarding contracts to Rovirosa and his companies. *See* Dkt. No. 1 at ¶ 13. Of course, there is nothing routine about audits – they involve discretion and decision-making (i.e., the precise conduct within the scope of the FCPA), and they bear no resemblance to the examples of "routine governmental action" enumerated above and in the text of the FCPA. *See* 15 U.S.C. § 78dd-2(h)(4). Moreover, "award[ing] new business" is expressly excluded from the definition of "routine government action." *See* 15 U.S.C. § 78dd-2(h)(4)(B).

In fact, in *United States v. Kay*, 359 F.3d 738 (5th Cir. 2004), the Fifth Circuit undertook a detailed analysis of the FCPA's legislative history and concluded that the "routine government actions" are to be construed narrowly and are limited to ministerial activities:

> A brief review of the types of routine governmental actions enumerated by Congress shows how limited Congress wanted to make the grease exceptions. Routine governmental action, for instance, includes "obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country," and "scheduling inspections associated with contract performance or inspections related to transit of goods across country." Therefore, routine governmental action does not include the issuance of every official document or *every* inspection, but only (1) documentation that qualifies a party to do business and (2) scheduling an inspection—very narrow categories of largely non-discretionary, ministerial activities performed by mid- or low-level foreign functionaries. In contrast, the FCPA uses broad, general language in prohibiting payments to procure assistance for the payor in obtaining or retaining business, instead of employing similarly detailed language, such as applying the statute only to payments that attempt to secure or renew particular government contracts.

*Id.* at 750-51 (internal footnote omitted) (emphasis in original); *see also United States v. Duperval*, 777 F.3d 1324, 1334–35 (11th Cir. 2015) (citing *Kay* for the proposition that the payments allowed

2

under the "facilitating payments" exception are "grease payments" to expedite the receipt of routine services, and holding that the administration of a multi-million dollar contract is not subject to the exception).

Accordingly, the Government respectfully requests that the Court: (a) decline to adopt the proposed jury instruction relating to "routine government action"; and (b) alternatively, only allow the instruction to be considered if at least some evidence at trial shows that the foreign officials were engaged in some form of non-discretionary, "routine government action."

Dated: December 2, 2025

                                             Respectfully submitted,

                                             Nicholas J. Ganjei
                                             United States Attorney

                                             Lorinda I. Laryea
                                             Acting Chief
                                             Criminal Division, Fraud Section

                                             */s/ Brad R. Gray*
                                             Brad R. Gray
                                             Assistant United States Attorney
                                             Southern District of Texas

                                             */s/ Abdus Samad Pardesi*
                                             Lindsey D. Carson
                                             Abdus Samad Pardesi
                                             Paul Ream
                                             Trial Attorneys
                                             Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

On December 2, 2025, I electronically filed this document through the CM/ECF system, which will notify all counsel of record.

                                             */s/ Brad R. Gray*
                                             Brad R. Gray